# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0152, <u>In the Matter of Vivian Silva and Robert Silva</u>, the court on February 16, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The respondent, Robert Silva (husband), appeals the order of the Circuit Court (<u>Introcaso</u>, J.) on his motion to modify child support and for contempt, arguing that the trial court erred by failing to address his request for an adjustment to the child support guidelines. We vacate and remand.

The record shows that, in 2016, the trial court, following a hearing, issued a child support order deviating downward from the child support guidelines based upon findings of special circumstances relating to the parties' shared parenting schedule. <u>See</u> RSA 458-C:5, I(h)(2) (Supp. 2020). The adjustment reduced the husband's child support obligation from $1,590 per month to $533.80 per month. The petitioner, Vivian Girard (wife), appealed. On appeal, we concluded that the trial court's findings were insufficient to support its order, in part "because the court did not explain why a departure from the guidelines was necessary to avoid an unjust or inappropriate result." <u>In the Matter of Silva & Silva</u>, 171 N.H. 1, 9 (2018); RSA 458-C:4, II (2018). On remand, the trial court made additional findings to support its decision and reaffirmed its prior order. We declined the wife's discretionary appeal. <u>See</u> <u>In the Matter of Vivian Silva and Robert Silva</u>, No. 2019-0390 (N.H. Aug. 9, 2019).

While the wife's first appeal was pending, the husband filed a motion in the trial court to modify child support, which was stayed pending appeal. In his proposed support order, and at the hearing on his motion, which was held at the same time as the remand hearing, the husband sought an additional downward deviation from the child support guidelines based upon the wife's increased earnings from her new, full-time employment. The trial court did not rule on the motion in its order on remand; instead, the court stated that it would issue a separate order. Months later, the trial court, without a further hearing and without referencing any of the findings in its order on remand, ordered guideline support. The husband argues that the trial court erred by failing to address his request for an adjustment to the guidelines based upon special circumstances.

RSA 458-C:5 (Supp. 2020) lists special circumstances that the trial court must consider, if raised by a party or the court, that may result in adjustments

to the application of support guidelines. The statute further provides that the court "shall make written findings" relative to the applicability of such special circumstances. See RSA 458-C:5, I. Given the trial court's order on remand finding that special circumstances warranted an adjustment to the guidelines, and the husband's request for an additional adjustment, we conclude that it was incumbent upon the trial court, in ruling upon the husband's motion, to make written findings as to whether special circumstances continued to exist, and whether they continued to warrant adjustments to the guidelines, before ordering guideline support. See id. Accordingly, we vacate the court's order and remand for further findings consistent with this order.

In light of our decision, we need not address the husband's argument that the trial court's order constituted an unsustainable exercise of discretion.

The husband also argues that the trial court erred by: (1) not determining the amount of child support arrearage; (2) ordering a wage assignment; (3) deducting income for self-employment taxes; and (4) not ruling on his motion for contempt. The trial court shall address these issues on remand.

Vacated and remanded.

Hicks, Bassett, and Hantz Marconi, JJ., concurred.

**Timothy A. Gudas,
Clerk**